CUYAHOGA COUNTY BAR ASSOCIATION *v.* MAYBAUM.

[Cite as *Cuyahoga Cty. Bar Assn. v. Maybaum,*
98 Ohio St.3d 507, 2003-Ohio-2062.]

(No. 2003–0357—Submitted March 12, 2003—Decided May 7, 2003.)

**Per Curiam.**

{¶ 1}  Respondent, Scott D. Maybaum of Independence, Ohio, Attorney Registration No. 0030587, was admitted to the practice of law in Ohio in 1978.  On August 12, 2002, relator, Cuyahoga County Bar Association, filed a complaint charging respondent with various violations of the Code of Professional Responsibility.  A panel of the Board of Commissioners on Grievances and Discipline considered the cause on the parties' consent-to-discipline agreement.  See Section 11 of the Rules and Regulations Governing Procedure on Complaints and Hearings Before the Board of Commissioners on Grievances and Discipline of the Supreme Court.

{¶ 2}  According to the facts set forth in the consent-to-discipline agreement, a client retained respondent in March 2000 to represent her in a domestic relations dispute.  The client agreed to pay respondent $175 per hour and paid him $3,000 as a retainer.  Respondent deposited this fee in his general operating account, even though he had not yet earned any part of it.  Over the next six months, respondent sent several invoices to the client indicating the amount of the retainer that he had earned.  The client periodically sent money to respondent to supplement the diminishing retainer.  Respondent deposited each of his client's payments into his operating account rather than into a trust account.

{¶ 3}  The client later reconciled with her husband and lodged a fee-dispute complaint with relator.  Respondent and the client mediated the dispute, ultimately agreeing on a monetary settlement and on a date on which respondent would remit the settlement.  Respondent did not pay on the agreed date but has since complied with the mediation agreement in full.

{¶ 4}  The parties stipulated that respondent violated DR 9–102(A)(2) (commingling funds belonging to the attorney with those belonging to a client), 1–102(A)(1) (violation of a Disciplinary Rule) and 1–102(A)(5) (engaging in conduct prejudicial to the administration of justice), and Gov.Bar R. V(4)(G) (failure to complete recommended mediation proceedings).  In recommending a sanction, the panel considered that respondent had no previous disciplinary record and had cooperated completely with relator's investigation.  The panel also found that respondent had genuinely misunderstood the requirement for depositing unearned fees into a trust account and that his mistake had not harmed his client.  Moreover, the panel found that respondent's personal financial distress, caused

primarily by his wife's serious injuries from an auto accident, had prevented him from paying the mediated settlement amount.

{¶ 5} The panel recommended the sanction suggested by the parties—a six-month suspension from the practice of law, with the entire six months stayed on the condition that no other formal complaints of misconduct are filed against respondent.[1] The board adopted the panel's findings of misconduct, with the exception of the DR 1–102(A)(1) violation as an independent ground of misconduct, and its recommended sanction.

{¶ 6} We agree that respondent violated DR 9–102(A)(2) and 1–102(A)(5) and Gov.Bar R. V(4)(G) and that the board's recommendation is appropriate. Accordingly, respondent is hereby suspended from the practice of law in Ohio for six months, but this suspension is stayed on the condition that no other formal complaints of misconduct are filed against respondent. Costs are taxed to respondent.

Judgment accordingly.

MOYER, C.J., RESNICK, F.E. SWEENEY, PFEIFER, COOK, LUNDBERG STRATTON and O'CONNOR, JJ., concur.

———————

McDonald, Hopkins, Burke & Haber Co., L.P.A., and Steven L. Gardner; and Jon F. Deegan, for relator.

Scott D. Maybaum, pro se.

———————

1. Although the parties' consent-to-discipline agreement stayed the six-month suspension on the condition that no further *grievances* were brought against respondent, they have since clarified that they intended the stay to be conditioned on the filing of a formal complaint.